IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLORIA KALAMAU, ) | CIVIL NO. 13-00200 JMS-KSC |
| ) | |
| Plaintiff, ) | ORDER ADOPTING FINDINGS |
| ) | AND RECOMMENDATION TO |
| vs. ) | GRANT IN PART AND DENY IN |
| ) | PART PLAINTIFF'S MOTION TO |
| MYRLEEN K. KALOI, JNEEL ) | REMAND WITH COSTS AND |
| KALOI, HAWAII COUNTY MASS ) | REASONABLE FEES |
| TRANSIT AGENCY, TOM ) | |
| BROWN, TIFFANY KAI, HAWAII ) | |
| COUNTY DEPARTMENT OF ) | |
| HUMAN RESOURCES, TERI ) | |
| SPINOLA-CAMPBELL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND WITH COSTS AND REASONABLE FEES**

**I.  INTRODUCTION**

On March 27, 2013, Plaintiff Gloria Kalamau ("Plaintiff") filed a Complaint in the Third Circuit Court of the State of Hawaii, asserting claims for damages based on alleged harassment and bullying by a co-worker, lack of employer response following Plaintiff's complaints, a subsequent physical altercation, and the false accusation that Plaintiff was the aggressor.

On April 26, 2013, Defendants Hawaii County Mass Transit Agency; Tom Brown; Tiffany Kai; Hawaii County Department of Human Resources; and Teri Spinola-Campbell (collectively, "Defendants"),[1] removed this action to federal court on the basis of federal question jurisdiction.  Doc. No. 1, Defs.' Notice of Removal.  On May 2, 2013, Plaintiff filed a Motion to Remand, seeking a remand to state court and an award of costs and reasonable attorney fees incurred as a result of the removal.  Doc. No. 5.  On June 12, 2013, Magistrate Judge Kevin S.C. Chang entered his Findings and Recommendation ("June 12 F&R") that this court remand the action to state court and deny the request for fees and costs incurred in securing remand.  Doc. No. 16.

On June 25, 2013, Plaintiff filed her Objections to the June 12 F&R, in which she challenges only the denial of fees and costs "incurred in responding to the filing of the Notice of Removal."  Doc. No. 19, Pl.'s Objs. at 1.  On June 27, 2013, Defendants filed a Response.  Doc. No. 20.  Based on the following, the court ADOPTS the June 12 F&R.

///

///

---

[1] Myrleen K. Kaloi and Jneel Kaloi, also named as Defendants, *see* Doc. No. 1-2, Pl.'s Compl. ¶¶ 2-3, are not represented by counsel for the Hawaii County Defendants, but agreed to the removal of this case.  *See* Doc. No. 1, Defs.' Notice of Removal ¶ 5.

## II.  BACKGROUND

Plaintiff is a seventy-three year old Hawaiian woman who worked "in the Hilo Ironworks Building office of Mass Transit."  *See* Doc. No. 1-2, Compl. ¶¶ 1, 9.  The Complaint alleges that Defendant Myrleen Kaloi, who worked for the same agency, began mistreating Plaintiff.  *Id.* ¶¶ 10-16.  Plaintiff contends that Defendant Kaloi's conduct constitutes "harassment prohibited by County of Hawaii policy and State and Federal law[,]" and "caused Plaintiff to experience a hostile work environment."  *Id.* ¶¶ 17-18.  Plaintiff complained about Defendant Kaloi's conduct to her employers and filed a complaint with the Equal Opportunity Officer for Human Resources for the Hawaii County Department of Human Resources, but "upon information and belief" no action resulted.  *Id.* ¶¶ 8, 19-28.  Thereafter, Defendant Kaloi and her daughter, Defendant Jneel Kaloi (collectively, "the Kaloi Defendants") allegedly assaulted Plaintiff, causing serious injury.  *Id.* ¶¶ 3, 29-39.  Following accusations by the Kaloi Defendants that Plaintiff was the aggressor, Plaintiff was charged with two counts of criminal assault, tried, and ultimately acquitted of those charges.  *Id.* ¶¶ 40-45.  The Complaint seeks damages for, among other things, the "violation of civil rights incurred by plaintiff."  *Id.* at 13.

Defendants removed this action contending that the Complaint raises a federal question. *See* Doc. No. 1, Defs.' Notice of Removal ¶ 2. During a June 12, 2013 hearing before Magistrate Judge Chang, Plaintiff represented that she "did not intend to, nor will [s]he pursue, any federal causes of action[,]" and Defendants agreed to "stipulate to remand[.]" Doc. No. 16, F&R at 2. Accordingly, Magistrate Judge Change directed the parties to submit a stipulation to that effect and recommended that this court grant the Motion to Remand, to the extent it sought remand. *Id.*

Magistrate Judge Chang further recommended that the Motion to Remand be denied to the extent it sought an award of fees and costs incurred as a result of the removal, finding that Defendants "had an objectively reasonable basis for seeking removal." *Id.* at 3. This single point is now on appeal to this court. Plaintiff filed Objections on June 25, 2013. Doc. No. 1. On June 27, 2013, Defendants filed a Response. Doc. No. 20. Pursuant to Local Rule 7.2(d), the court determines Plaintiff's Objections without a hearing.

### III. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the

4

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

### IV.  **DISCUSSION**

When remanding a case, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Complaint explicitly alleged that Defendant Kaloi's conduct violated county, state, *and federal* law, and sought damages for violation of civil rights.  *See* Doc. No. 1-2, Compl. ¶ 17 and at 13.  Plaintiff contends that basing removal on "a word or two that reference[s] federal law" is not sufficient to establish proper grounds for federal jurisdiction.  Doc. No. 17, Pl.'s Objs. at 2-3.  Plaintiff is mistaken.

Whether Defendants met their burden of establishing federal jurisdiction is not the issue.  Rather, this court must determine whether Defendants had an objectively reasonable basis for *seeking* removal.  The Complaint includes an explicit reference to violation of federal law.  *See* Doc. No. 1-2, Compl. ¶ 17.  Additionally, the Complaint requested damages, albeit in a vague, ambiguous manner, that could reasonably be construed as based on violation of *federal* civil rights law.  *See id.* at 13.

These references to violations of federal law are sufficient to provide an objectively reasonable basis for seeking removal.  *See Campbell v. Amer. Tours Int'l*, 2013 WL 894797, at *3 (N.D. Cal. Mar. 8, 2013) (denying fees following

remand because "references to a 'nationwide class' and the 'federal law' in the introductory portions of the complaint provided reasonable grounds on which to base removal"); *see also Culannay v. Freddie Mac Fixed to Floating Rate Non Cumulative Perpetual Preferred Stock*, 2012 WL 5499927, at *1, 4 (N.D. Cal. Nov. 13, 2012) (finding basis for unsuccessful removal to be objectively reasonable where the defendant relied on the plaintiff's passing references to violations of federal law in the complaint); *Briggs v. First Nat'l Lending Servs.*, 2010 WL 962955, at *1-3 (finding basis for unsuccessful removal to be objectively reasonable when based on the plaintiffs' reference to violations of federal statues in the complaint).

Plaintiff is the master of her Complaint and chose to refer to violation of federal law in that Complaint.  Accordingly, the court finds Defendants' reliance on the plain language of the Complaint to be objectively reasonable and DENIES Plaintiff's Motion to the extent it seeks an award of attorney's fees and costs.

///

///

///

///

## V. **CONCLUSION**

Based on the above, the court ADOPTS the June 12 Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion to Remand with Costs and Reasonable Fees.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2013.



      /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kalamau v. Kaloi, et al.*, Civil No. 13-00200 JMS-KSC, Order Adopting Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion to Remand with Costs and Reasonable Fees